UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                          NO. 20-144

TIJON RICHARDS                                        SECTION "R" (2)

**ORDER AND REASONS**

Before the Court is defendant Tijon Richards's motion to dismiss the indictment and stay any further proceedings.[1]  Defendant also seeks the disclosure of jury selection records under 28 U.S.C. § 1867(f).[2]  The Government opposes defendant's motion to dismiss the indictment and to stay further proceedings.[3]  The Government's opposition does not address defendant's request for the disclosure jury selection records.

The Jury Selection Act of 1968, ("JSSA"), 28 U.S.C. § 1861, *et seq*., provides that all federal litigants who are entitled to a trial by jury "shall have the right to grand and petit juries selected at random from a fair cross section of the community."  28 U.S.C. § 1861.  The JSSA permits a defendant to challenge the selection of the grand or petit jury by moving to dismiss the

---

[1]     R. Doc. 22.
[2]     R. Doc. 22-1 at 2; R. Doc. 27 at 3.
[3]     R. Doc. 24.

indictment or stay the proceedings against him on the grounds that the jury was not selected in compliance with the provisions of the statute.  28 U.S.C. § 1867(a).  To determine whether grounds exist to file a motion alleging noncompliance, the JSSA permits a litigant to have access to the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process."  28 U.S.C. § 1867(f).  In *Test v. United States*, the Supreme Court held that § 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists."  420 U.S. 28, 750-51 (1975).  The Court further stated that, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge."  *Id.*

Here, defendant's counsel represents that her own review of the jury selection records "is a necessary prerequisite to any further merits litigation."[4]  Defendant makes this request in order to support his pending challenge to jury selection procedures.  *See United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996) ("To avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process.").  Given that defendant seeks these documents to supplement his motion, the Court determines that a ruling on

---

[4]      R. Doc. 27 at 1.

his motion to dismiss the indictment and stay proceedings is premature at this time.

As to the information defendant seeks, defendant broadly requests the "disclosure of the same records that were provided to defendant Age as ordered by Judge Ashe."[5]  It is unclear whether Richards seeks the same records requested and ultimately provided to the defendant in *United States v. Age*, No. 16-32-2 (E.D. La. Mar. 4, 2020), or whether he seeks the production of equivalent records, as they pertain to the grand jury that returned Richards's indictment, and the petit jury that will try his case.  The Court notes that many of the records produced in *Age* pertained to that defendant's specific case, and included "information related to the grand jury that returned the indictment against [Age] in 2017, the petit jury that will try the case in 2020, and jury selection under the most recently emptied master jury wheel."[6]  Here, the defendant was indicted in 2020,[7] and is set to have a petit jury try his case on November 29, 2021.[8]  Because many of the records produced in *Age* do not bear on defendant's claims, the Court orders

---

5   R. Doc. 22-1 at 2 (citing the order in *United States v. Age*, No. 16-32-2 (E.D. La. Mar. 4, 2020) (ECF No. 384)).
6   R. Doc. 384 at 1.
7   R. Doc. 1.
8   R. Doc. 21.

defendant to identify the specific information he seeks to review within 15 days of this Order.

## III. CONCLUSION

Defendant is given 15 days to file a supplemental memorandum to specify the jury-selection records he requests.

New Orleans, Louisiana, this __19th__ day of October, 2021.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE