UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-144 |
| TIJON RICHARDS | SECTION "R" (2) |

**ORDER AND REASONS**

**I.   BACKGROUND**

Before the Court is defendant Tijon Richards's motion to dismiss the indictment and stay any further proceedings.[1] Defendant also seeks the disclosure of jury selection records under 28 U.S.C. § 1867(f).[2] The Government opposes defendant's motion to dismiss the indictment and to stay further proceedings.[3] The Government's opposition does not address defendant's request for the disclosure of jury selection records.

On October 19, 2021, this Court ordered defendant to file a supplemental memorandum specifying the jury-selection records he seeks.[4] On November 3, 2021, defendant filed his supplemental memorandum, stating that he requests the disclosure of the same records that were provided

---

[1]   R. Doc. 22.
[2]   R. Doc. 22-1 at 2; R. Doc. 27 at 3.
[3]   R. Doc. 24.
[4]   R. Doc. 30.

1

by the Clerk of Court for the Eastern District of Louisiana to Curtin Emilien[5] and Travis Lamont Murray,[6] both of whom have cases pending before other sections of the Court.[7] Defendant also requests additional information about the grand jury that returned defendant's indictment in 2020.[8]

## II.  LEGAL STANDARD

The Jury Selection Act of 1968, ("JSSA"), 28 U.S.C. § 1861, *et seq.*, provides that all federal litigants who are entitled to a trial by jury "shall have the right to grand and petit juries selected at random from a fair cross section of the community."  28 U.S.C. § 1861.  The JSSA permits a defendant to challenge the selection of the grand or petit jury by moving to dismiss the indictment or stay the proceedings against him on the grounds that the jury was not selected in compliance with the provisions of the statute.  28 U.S.C. § 1867(a).  To determine whether grounds exist to file a motion alleging noncompliance, the JSSA permits a litigant to have access to the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process."  28 U.S.C. § 1867(f).  In *Test v. United States*, the

---

[5] *United States v. Emilien*, No. 20-26 (E.D. La.).
[6] *United States v. Murray*, No. 19-118 (E.D. La.).
[7] R. Doc. 30 at 2.
[8] *Id.*

Supreme Court held that § 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists." 420 U.S. 28, 30 (1975) (per curiam). The Court further stated that, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.*

## III. DISCUSSION

Here, defendant's counsel represents that her review of the jury-selection records produced in these two other cases are "necessary and useful to analyze the composition of the wheel data in Mr. Richards['s] case."[9] Defendant also states that he seeks these records in order to support his pending challenge to jury selection procedures.[10] *See United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996) ("To avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process.").

Defendant requests the disclosure of the same records that were provided to defendants Murray and Emilien.[11] In both cases, the Clerk of Court produced the same information provided to the defendant in *United*

---

[9]  *Id.* at 2.
[10] R. Doc. 22.
[11] R. Doc. 31 at 1-2.

3

*States v. Age*, No. 16-32 (E.D. La.), and "subject to the same limitations and redactions" as the *Age* case. *United States v. Murray*, No. 19-118 (E.D. La. May 21, 2021); *United States v. Emilien*, No. 20-26 (E.D. La. May 20, 2021). The Court finds that Richards is entitled to the same information that was provided in the *Age*, *Murray*, and *Emilien* cases.

Defendant also requests additional records regarding the grand jury that returned his indictment.[12] Specifically, defendant requests the pool number, panel number, and individual demographic and disposition information "for the group that was summoned to create the Grand Jury" that returned his indictment.[13] The Court finds that defendant is entitled to this information, insofar as he is requesting the same information, subject to the same redactions,[14] that was provided in the *Age*, *Murray*, and *Emilien* cases, as applicable to the grand jury that issued Richards's indictment.

---

12   R. Doc. 31 at 2.
13   *Id.*
14   Judge Ashe provided that the "Clerk of Court shall redact any and all personal identifiers from all documents or reports made available for inspection, including, but not limited to, personal identifiers such as name, street address, juror identification number, month and day of birth, occupation, and voting status information." *United States v. Age*, No. 16-32 (E.D. La. Mar. 4, 2020) (ECF No. 384). The Court in *Murray* and *Emilien* adopted this restriction. *United States v. Murray*, No. 19-118 (E.D. La. May 21, 2021); *United States v. Emilien*, No. 20-26 (E.D. La. May 20, 2021).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's request for the production of jury selection records.[15] The Clerk shall produce in an electronic format the reports, documents, and data produced in the *Age* criminal action, and information on defendant's grand jury, subject to the same conditions, no later than **Wednesday, December 1, 2021.**

New Orleans, Louisiana, this __5th__ day of November, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15]   R. Doc. 22.